HUGH F. YOUNG vs. THOMAS J. W. GIBSON — Appeal from Red River County.

[Same case, 8 Tex. 135; 14 Tex. 618.]

Where a verdict has been rendered against a party in consequence of the court refusing to grant him a continuance to obtain the testimony of an absent witness, on the ground that the same fact could be proved by another witness, and the subsequent charge of the court to the jury, that it required two witnesses to establish that fact, a new trial ought to be granted. [See 10 Tex. 525; 29 Tex. 275.]

This was a suit by the appellee against the appellant to re-cover the possession of certain negro slaves.

The defendant in his answer admitted that he had given an instrument of writing to the plaintiff conveying the slaves, but that it was done solely upon the promise of the plaintiff to reconvey them to his, the defendant's, son, who was the nephew of the plaintiff, and that there was no other considera-tion for the conveyance. He then alleged that the plaintiff had refused to convey the negroes according to his promise, and that therefore the consideration had failed.

Previous to going into the trial the defendant moved for a continuance of the cause, supported by affidavit, stating the [418] absence of a witness, residing in Kentucky, the use of proper diligence to obtain his testimony, and that he expected to prove the same facts by him that had been proven by an-other witness, whose testimony was then in court, upon inter-rogatories. The motion was overruled upon the ground that the facts expected to be proved by the witness had already been proved by another witness.

At the trial the plaintiff introduced a deed from the de-fendant for the slaves in controversy. The defendant then introduced the answers of the witness above mentioned, to interrogatories, which proved that the consideration of the deed from the defendant to the plaintiff was that the plaintiff should reconvey the slave to the defendant's son, and that he had refused to do so. The court charged the jury that " to defeat and set aside an instrument under seal it was necessary to prove by two, or one witness with strong corroborating cir-cumstances, the facts necessary to set aside any instrument under seal." There was a verdict and judgment for the plaintiff that he recover the negroes. The defendant moved for a new trial, stating that he could prove by the absent witness, to ob-tain whose testimony he had applied for a continuance, the same facts that were proved by the other witness. The motion was overruled and the defendant appealed.

*Morrill*, for appellant.

*Martin*, for appellee.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The question in this case is whether the defendant in the court below was entitled under the circumstances of the case to a new trial. He had made an application for a continuance for the want of testimony. It appears from the record that his application was overruled and he was forced into a trial on the ground that he could prove the same fact [**419**] by another witness, and that it was proven by the deposition of Mrs. Rogers. After the cause went to the jury and the evidence had been received, the court charged the jury, "That to defeat and set aside an instrument under seal, the facts should be proven by two, or one witness with strong corroborating circumstances." It will be seen by a reference to the evidence in the deposition of Mrs. Rogers, contained in the statement of facts, that her testimony had been offered for the purpose set forth in the judge's charge. It would seem, then, that after the materiality of the testimony of the absent witness to sustain the same facts sworn to by Mrs. Rogers had been ascertained, it ought to have been considered a good and sufficient ground for setting the verdict aside for the purpose of enabling the defendant to obtain that evidence on a new trial.

We are therefore of opinion that the court below erred in overruling the motion for a new trial; the judgment is reversed and the cause remanded, and a *venire de novo* awarded.

---

[**420**] JAMES J. WARD vs. PETER RINGO — Writ of Error from Red River County.

A judgment ought not to be reversed for mere irregularities, when it substantially appears that the proper steps were taken in the cause.

The omission of a clerk to enter judgment *nisi* may be corrected by the order of the court to have it entered *nunc pro tunc* at the time of taking the final judgment.

*Martin & Epperson*, for plaintiff in error.
*Morgan*, for defendant in error.